IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WM CAPITAL PARTNERS XXXIX, LLC,** | : | No. 3:15cv695 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **BLUESTONE PIPELINE COMPANY OF PENNSYLVANIA, LLC,** | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Bluestone Pipeline Company of Pennsylvania, LLC's (hereinafter "defendant") motion to dismiss Plaintiff WM Capital Partners XXXIX, LLC's, (hereinafter "plaintiff") amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**

This lawsuit relates to property located in New Milford Township, Susquehanna County, Pennsylvania, tax parcel no. 109.00-1,050.00,000

---

[1] Defendant's motion is directed at plaintiff's first amended complaint. After the filing of the motion, however, plaintiff filed a second amended complaint. Defendant indicates that nothing in the second amended complaint affects its motion to dismiss so it seeks to have the court apply the motion to the second amended complaint. Accordingly, we will treat the instant motion as a motion to dismiss the second amended complaint.

(hereinafter "the premises"). (Doc. 28, Second Am. Compl. ¶ 28). The complaint alleges that on September 30, 2011, defendant entered into a lease with the prior owner of the property, TNT 1, to use a twenty-three (23) acre portion of the premises. (Id. ¶ 33). Pursuant to the lease, defendant built a natural gas compressor station, pipelines and related facilities on the premises. (Id. ¶ 37).

Plaintiff alleges that since then, it obtained title to the premises and by operation of law, the defendant's rights under the lease were extinguished. (Id. ¶ 48). Plaintiff has informed defendant of the status of the lease and the need to either obtain a new easement or to cease operation. (Id. ¶ 49). Defendant, however, continues to use a portion of the premises without plaintiff's consent. (Id. ¶ 50).

Based upon these facts, plaintiff filed the instant lawsuit. The second amended complaint contains the following three counts: Count I - Ejectment; Count II- Trespass; and Count III, Forfeiture. Defendant moves to dismiss the amended complaint for failure to state a claim and for lack of jurisdiction, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C.

§ 1332 because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]")  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Legal standard**

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise

3

a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

      Defendant also moves to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.' " Turicentro v. Am. Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).  A facial attack serves to "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Id.  On the other hand, if the attack is factual, the court "accords plaintiff's allegations no presumption of truth.  In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." Id.

**Discussion**

      Defendant's motion to dismiss seeks to dismiss all three counts in

the second amended complaint.   We will address each count in the order that the parties have addressed them in their briefs, beginning with the trespass claim.

**1. Trespass claim**

Count II of plaintiff's second amended complaint asserts a cause of action for trespass.  (Doc. 28, Second Am. Compl. ¶¶ 57-62).  The first issue raised by the defendant is whether the court has subject matter jurisdiction over this count.  Plaintiff, however, indicates that it seeks to proceed only on its ejectment and forfeiture claims, and not on the trespass claim.  (Doc. 24, Pl.'s Br. at 8).  Accordingly, the motion to dismiss the trespass claim will be granted as unopposed.

**2. Ejectment**

Count I of plaintiff's second amended complaint asserts a cause of action for "ejectment."  (Doc. 28, Second Am. Compl. ¶¶ 51-56).  Plaintiff alleges that since the recording of its Deed on September 26, 2014, it is the fee owner of the premises and the holder of the exclusive right to use, occupy and possess the premises.  (Id. ¶ 52).  Defendant, however, continues to use a portion of the premises to operate a compressor station, pipelines and related facilities.  (Id. ¶ 53).  Plaintiff has requested that

defendant quit the premises, but defendant has failed to leave.  (Id. ¶ 55).  Therefore, plaintiff seeks to have a judgment entered in its favor for possession of the premises and damages for the fair rental value of the portion of the premises that defendant has been using.   Defendant argues that plaintiff fails to state a plausible claim for ejectment.[2]

The parties agree that their rights with regard to the ejectment cause of action are governed by 68 PA. STAT. § 250.304, a section of Pennsylvania's Landlord Tenant Act of 1951.  Defendant is a "tenant for years" pursuant to the commercial lease it entered into with the prior owner of the property, TNT 1 Limited Partnership (hereinafter "TNT1") on September 30, 2011.  The term of the lease is ninety-nine (99) years.  (Doc. 23-2, Lease ¶¶ 1, 3).

With regard to who has an paramount interest in property, a tenant or a subsequent purchaser of the property, the law prov ides as follows:

> The right of possession of a tenant shall be deemed
> paramount to that of a purchaser at a judicial sale if
> and only if the letting to him shall precede in point of
> date the entry of the judgment, order or decree on
> which such sale was had and also shall precede the

---

[2]Defendant actually argues that plaintiff fails to state a plausible claim for ejectment *and* trespass.  As plaintiff no longer pursues a trespass claim, however, we will not address that portion of defendant's argument pertaining to trespass.

>
> recording or registering of the mortgage, deed or will, if any, through which by legal proceedings the purchaser derives title[.]

68 PA. STAT. § 250.304

Thus, according to the Landlord Tenant Act, for defendant's rights as a tenant to be paramount to those of the plaintiff, so that plaintiff cannot proceed with the ejectment action, the following two conditions must be established:  1) the lease preceded the entry of the judgment, order or decree on which sale of the premises was had and 2) the lease preceded the recording or registering of the mortgage, deed or will, if any, through which by legal proceedings the purchaser derives title of the premises.

The parties agree that the first requirement is met.  The lease, dated October 8, 2012, preceded the judgment on which sale of the premises was had–February 24, 2014.  (Doc. 28, Second Am. Compl. ¶ 41). Defendant argues that plaintiff's complaint fails to sufficiently allege the second requirement.

To determine if the second requirement is met, we must further review the background facts and exactly the manner in which plaintiff obtained the property.[3]  At the time defendant entered into the lease, non-

---

[3]Documents referenced in the complaint properly can be considered at the motion to dismiss stage. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may

7

party TNT1 owned the property. (Doc. 28, Second Am. Compl. ¶ 29). TNT1 had a mortgage on the property through Manufacturers and Traders Trust Company (hereinafter "M&T"). (Id. ¶ 30). The mortgage was recorded with the Susquehanna County Office for the Recorder of Deeds on October 7, 2004. (Id.) The mortgage was secured by any and all present and future indebtedness of TNT1. (Id. ¶ 31). TNT1 defaulted on the loan obligations secured by the mortgage. (Id. ¶ 32). Due to the defaults on the loan obligations, M&T obtained a $16,633,135.51 judgment against TNT1 in the Untied States District Court for the Middle District of Pennsylvania. (Id. ¶ 38).

On November 15, 2013, plaintiff purchased from M&T the loans made by M&T to TNT1, and M&T's rights in and under the mortgage and judgment. (Id. ¶ 40). In February 2014, plaintiff transferred the judgment to the Court of Common Pleas of Susquehanna County. (Id. ¶ 41). The Court of Common Pleas then issued a writ of execution authorizing the county sheriff to satisfy the judgment by levying upon the property of TNT1, including the premises. (Id. ¶ 42). Accordingly, the county held a sheriff's

---

consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). Thus, we have relied on several documents, some of which were presented by the plaintiff and some by the defendant.

sale of the property on August 26, 2014.  At the sheriff's sale,  plaintiff acquired title to the premises pursuant to a deed executed and delivered by the sheriff.  (Id. ¶ 43).  Plaintiff asserts that it thus acquired title to the premises via legal action involving the mortgage. The mortgage preceded the lease, therefore defendant cannot claim a paramount right of possession in the land under section 250.304.

The defendant disagrees.  Defendant argues that plaintiff obtained title through a sheriff's sale not through a mortgage foreclosure as addressed in the statute.  Thus, the second requirement of section 250.304 is inapplicable, and its right to possession pursuant to the lease is paramount to the plaintiff's right.  After a careful review, we agree with the defendant.

The statutory language at issue indicates that for the tenant's rights to be paramount to purchaser's rights, the lease must "precede the recording or registering of the mortgage, deed or will, *if any*, through which by legal proceedings the purchaser derives title[.]"  68 PA. STAT. § 250.304 (emphasis added).  Here, it appears that the lease does not precede the recording of the TNT1's mortgage. The plaintiff, however, did not derive title to the property by legal proceedings **based on** the mortgage.  It

obtained the property through a sheriff's sale that was based on a judgment entered against TNT1 due to its default on loan obligations to M&T. (Doc. 28, Second Am. Compl. ¶¶ 38-43). In other words, plaintiff did not obtain the title to the property through the foreclosure of the mortgage. The sheriff's sale notice indicates that the sale of the property is to enforce the court judgment of $16,633,135.51 obligation by M&T for the use of plaintiff. (Doc. 23-6, Notice of Sheriff's Sale). It was not an action on the mortgage.

Plaintiff indicates that ruling in defendant's favor would be an inappropriately narrow reading of the statute. We disagree. The language of the statute is plain and clear. When interpreting a statute, when the statutory language is neither vague nor ambiguous, "the inquiry begins and ends with the language of the statute itself." Ross v. Hotel Emps. and Rest. Emps. Int'l Union, 266 F.3d 236, 245 (3d Cir. 2001). Here the language is clear. Defendant's right to possession is paramount to that of plaintiff. Thus, plaintiff's ejectment count does not state a claim upon which relief can be granted.

### 3. Forfeiture

Count III of plaintiff's second amended complaint is a cause of action

for "forfeiture."  Plaintiff seeks to have any improvements made on the property by defendant forfeited to plaintiff.  These improvements include a compressor station, pipelines and related facilities.  (Doc. 28, Second Am. Compl. ¶ 66).  This count is based on the assumption that plaintiff has a paramount right in the premises as compared to the defendant.  As explained in the prior section, however, plaintiff cannot establish that its right in the premises are paramount to the defendant's rights.  Thus, this count fails as a matter of law.  The motion to dismiss Count III will thus be granted.

**Conclusion**

We will dismiss the plaintiff's complaint.  It contains three counts.  Plaintiff has agreed to not pursue one of the claims, trespass, and the other two counts, ejectment and forfeiture, fail as a matter of law.  Thus, the second amended complaint will be dismissed in its entirety.[4]  An appropriate order follows.

**Date: May 9, 2016**			s/ James M. Munley
						**JUDGE JAMES M. MUNLEY**
						**UNITED STATES DISTRICT COURT**

---

[4] When granting a motion to dismiss a complaint, the dismissal should generally be without prejudice.  If, however, amending the complaint would be futile, the dismissal should be with prejudice.  Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002).  Here, we find that any amendment would be futile, therefore, the dismissal will be with prejudice.